Christopher M. Schierloh (CS-6644)
Martin F. Casey (MFC-1415)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

08 CV 01818

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNI 4 MARKETING AB.,

        Plaintiff,

-against-

VOLCANO CARRIERS CO. S.A., and
ELMAR SHIPPING CO. S.A.,

        Defendants.
------------------------------------------------------X



ECF CASE

FEB 2 2 2008

VERIFIED COMPLAINT

Plaintiff, UNI 4 MARKETING AB (hereinafter referred to as "Plaintiff"), by and through its attorneys, Casey & Barnett, LLC, as and for its Verified Complaint against the Defendants, VOLCANO CARRIERS CO. SA and ELMAR SHIPPING CO. SA, (hereinafter referred to as "Defendants"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff, Uni 4 Marketing AB, was, and still is, a foreign corporation duly organized and operating under the laws of a foreign country, with an office and place of business located at Tjarhovsgatan 32, Stockholm, Sweden 116 21, and was

the cargo shipper and owner of certain consignments of timber laden aboard the M/V ICE PRINCE, as further described below.

3. Upon information and belief, Defendant, Elmar Shipping Co. S.A., was and still is a foreign business entity, organized and existing pursuant to the laws of Panama with an office and place of business located at Voukourestiou 32 Athens 106 71, Greece, and is and was the manager and/or operator of the M/V ICE PRINCE.

4. Upon information and belief, Defendant, Volcano Carriers Co. S.A., was and still is a foreign business entity, organized and existing pursuant to the laws of Panama, with an office and place of business located at 32 Voukourestiou Stre. 106 71 Athens, Greece, and is and was the owner of the M/V ICE PRINCE.

## RELEVANT FACTS

5. On or about January 3, 2008, five (5) consignments, consisting of 1,289 packages of Swedish Redwood and Whitewood, then being in good order and condition, were delivered to the Defendants at the port of Skarnas, Sweden for transportation to Alexandria, Egypt, in consideration for an agreed freight, pursuant to Volcano Carriers Co. bills of lading numbered 1,2,3,4 and 5, dated January 3, 2008.

6. On or about January 7, 2008, five (5) consignments, consisting of 1,205 packages of Swedish Redwood and Whitewood, then being in good order and condition, were delivered to the Defendants at the port of Holmsund, Sweden for transportation to Alexandria, Egypt, in

consideration for an agreed freight, pursuant to Volcano Carriers Co. bills of lading numbered 1,2,3,4 and 5, dated January 7, 2008.

7. Thereafter, the ten (10) aforementioned consignments were loaded aboard the M/V ICE PRINCE and the vessel sailed for its intended destination.

8. On or about January 12, 2008, while transiting off the coast of England in rough weather, cargo aboard the M/V ICE PRINCE shifted and caused the vessel to list.

9. On or about January 15, 2008, the unstable vessel, along with its cargo, sank approximately 26 miles off the southern coast of Portland, U.K.

10. As a result of the sinking of the M/V/ ICE PRINCE, Plaintiff's cargo was lost at sea and never delivered to the intended port of discharge, Alexandria, Egypt.

11. The loss of Plaintiff's cargo did not result from any act or omission on the part of the plaintiff but, to the contrary, was the result in whole or in part of the breach of contract, negligence and/or fault of the defendants, and the unseaworthiness of the M/V ICE PRINCE.

12. By reason of the foregoing, Plaintiff has sustained damages in the total amount of $3,000,000, no part of which has been paid, although duly demanded.

13. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of

Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to *ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank*, and/or *Wachovia Bank N.A.*, which are believed to be due and owing to the Defendants.

14.    The Plaintiff seeks an Order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for certain Admiralty and Maritime claims, attaching *inter alia*, any assets of the defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants and to secure Plaintiff's claim as described above.

**WHEREFORE,** Plaintiff prays:

A.    That process in due form of law issue against Defendants, citing them to appear and answer under oath all and singular matters alleged in the Complaint;

B.    That since the defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee including, but not limited to, *ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank*, and/or *Wachovia*

*Bank N.A.*, which are due and owing to the Defendants, in the amount of $3,000,000 calculated to date to secure the plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. An Order recognizing and enforcing any final judgment rendered by a foreign court in Plaintiff's favor for the monies owed and the claims herein;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E. That Plaintiff has such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 22, 2008
313-01

The Plaintiff,
UNI 4 MARKETING AB

By: _____
Christopher M. Schierloh (CS-6644)
Martin F. Casey (MFC-1415)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017
Tel: 212-286-0225
Fax: 212-286-0261
cms@caseybarnett.com

## ATTORNEY'S VERIFICATION

State of New York  )
                   )  ss:
County of New York )

1.  My name is Christopher M. Schierloh.

2.  I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.  I am an attorney in the firm of Casey & Barnett, LLC, as attorneys for the Plaintiff.

4.  I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.  The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.  The source of my knowledge and the grounds for my belief are the statements made and the documents, and information, received from the Plaintiff and agents and/or representatives of the Plaintiff.

Dated: New York, New York
       February 22, 2008

_____
Christopher M. Schierloh