143-08/PJG
FREEHILL HOGAN & MAHAR LLP
Attorneys for ELMAR SHIPPING CO. S.A.
VOLCANO CARRIERS CO. S.A.
80 Pine Street, 24th
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IF P&C INSURANCE, LTD. a/s/o UNI 4 MARKETING AB,

       Plaintiff,

-against-

VOLCANO CARRIERS CO. S.A., and ELMAR SHIPPING CO. S.A.,

       Defendants.

08 CV 01818 (BSJ)

**VERIFIED ANSWER TO PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT AND COUNTERCLAIM**

  Defendants VOLCANO CARRIERS CO. S.A., and ELMAR SHIPPING CO. S.A., (hereinafter "Volcano" or "Elmar", respectively or collectively "Defendants"), by their attorneys FREEHILL HOGAN & MAHAR LLP, as and for their Answer to the Amended Verified Complaint of the Plaintiff (hereinafter "Plaintiff") and their Counterclaim, allege upon information and belief as follows:

  1.  Admit.

2. Admit as to corporate status and location, but deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "2" of the Amended Verified Complaint regarding actual subrogated status.

3. Admit that Elmar was and is a foreign business entity with an office in Greece at the address stated and was the manager of the M/V ICE PRINCE, but except as so admitted, denies the remaining allegations contained in Paragraph 3 in the Amended Verified Complaint.

4. Admit that Volcano was and is a foreign business entity with an agent in care of Elmar at the address stated and was the owner of the M/V ICE PRINCE, but except as so admitted, denies the remaining allegations contained in Paragraph 4 in the Amended Verified Complaint.

5. Admit that a consignment of logs was loaded onboard the vessel in Sweden for transport to Egypt under a contract with Volcano for an agreed freight charge as reflected in the January 2008 bills of lading, but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph "5" of the Amended Verified Complaint.

6. Admit that a consignment of logs was loaded onboard the vessel in Sweden for transport to Egypt under a contract with Volcano for an agreed freight charge as reflected in the January 2008 bills of lading, but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph "6" of the Amended Verified Complaint.

7. Admit that the above consignments of wood were loaded onboard the ICE PRINCE which then sailed for its intended destination but except as so admitted, denies

knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph "7" of the Amended Verified Complaint.

8. Admit that on or about January, 2008 while off the coast of England, the vessel took a list due to a shift of cargo but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph "8" of the Amended Verified Complaint.

9. Admit that on or about January, 2008 while off the coast of England, the vessel sank but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph "9" of the Amended Verified Complaint.

10. Admit that as a consequence of the sinking, the vessel did not arrive at destination or deliver the cargo, some of which broke free into the sea but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph "10" of the Amended Verified Complaint.

11. Deny the allegations contained in Paragraph 11 of the Amended Verified Complaint.

12. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 12 of the Amended Verified Complaint.

13. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 13 of the Amended Verified Complaint.

14. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 14 of the Amended Verified Complaint.

15. No Paragraph 15 is contained in the Amended Verified Complaint.

16. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 16 of the Amended Verified Complaint.

17. Deny the allegations contained in Paragraph 17 of the Amended Verified Complaint.

18. No response is required to Paragraphs 18 – 19 of the Amended Verified Complaint to the extent that security has been posted.

### AS A FIRST AFFIRMATIVE DEFENSE

19. The Court lacks personal jurisdiction over Defendants.

### AS A SECOND AFFIRMATIVE DEFENSE

20. Insufficiency of process and insufficiency of service of process.

### AS A THIRD AFFIRMATIVE DEFENSE

21. The disputes which form the subject matter of this Complaint are subject to pending litigation(s) in Greece relating to the subject sinking. This action was commenced solely as a security proceeding by Plaintiff. Defendants similarly reserve their right(s) to litigate the substantive aspects of these claims in Greece or another forum.

### AS A FOURTH AFFIRMATIVE DEFENSE

22. Plaintiff commenced arrest or attachment proceedings in England and Norway in connection with the same claims which form the subject matter of this Complaint and was provided security in response to its security proceedings, giving rise to a right of countersecurity in favor of the Defendants.

## AS AND FOR DEFENDANT VOLCANO'S COUNTERCLAIM

23. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333 in that it involves a claim relating to damages flowing from a carriage of cargo and a sinking.

24. At all times material hereto, the Plaintiff and Counter-Defendant was and still is a foreign corporation as set forth in paragraph "2" of the Amended Verified Complaint.

25. At all times material hereto, Defendant and Counter-Claimant Volcano was and still is a foreign business entity organized and existing under the laws of a foreign country with a place of business as set forth of paragraph "4", *infra*.

26. On or about January, 2008, the vessel ICE PRINCE loaded a cargo of logs in Sweden for carriage to Egypt pursuant to the terms and conditions of bills of lading issued by Volcano.

27. While navigating off the coast of England, the vessel sank through no fault of the Defendant Volcano or its officers, crew, agents, or managers, the vessel having been in seaworthy condition at all times material hereto.

28. As a consequence of the sinking, the cargo of logs was lost into the sea and washed up on various English beaches.

29. Pursuant to general maritime law, the terms of the bill of lading contracts and the controlling law applicable in this situation, the clean up and recovery of the cargo was the obligation of the plaintiff and/or its subrogee, as the owners of the cargo.

30. Plaintiff initially undertook the obligation for clean up but then abandoned that obligation and duty, which defendant and counter claimant Volcano was then obliged to undertake.

31. Defandant Volcano and/or parties acting on its behalf have incurred clean up expenses of approximately $2.5 million and it is anticipated that an additional $1.5 million will be incurred before the cargo is fully retrieved.

32. As Defendant Volcano is not responsible for the sinking, it has no liability to Plaintiff and/or its subrogee for the loss of the cargo, and/or the Plaintiff, as subrogee to the cargo owner, has the obligation for the clean up expenses by contract and by operation of law.

33. Defendant and Counter-Claimant Volcano has and will suffer damages as nearly as can be estimated, in the sum of $4 million for which it seeks countersecurity under Rule E.

34. Defendant and Counter-Claimant Volcano is or will institute or be involved in proceedings in Greece relating to this incident and it reserves its rights to adjudicate all substantive aspects of this case in that forum.

35. Defendant and Counter-Claimant Volcano is entitled to countersecurity pursuant to supplemental Rule E(7) and E(2)(b) for its claims arising from and flowing from the sinking as outlined above, together with interest (calculated at 8% for a period of four years in the total sum of $1.28 million) and attorneys' fees estimated at $350,000 which are recoverable by the prevailing party in the pending Greek proceedings and for costs.

36.     This Counter-Claim is lodged without prejudice to and with a full reservation of Defendants' right(s) to litigate the substantive aspects of the case elsewhere, more specifically, in the Courts of Greece where an action(s) is pending regarding this matter and/or to seek dismissal and/or a stay this action on grounds, *inter alia*, of *forum non conveniens* and/or improper venue or forum, and this Counter-Claim is interposed solely for the purpose of obtaining security for Defendant's counterclaim.

WHEREFORE, Defendants pray that:

(a) that Plaintiff/Counter-Defendant be directed to provide Defendant Volcano and with countersecurity in a sum of $5,630,000;

(b) that the attachment be vacated and/or that Elmar recover for damages for wrongful attachment by having its funds restrained under circumstances where plaintiff admittedly had no claim against Elmar;

(c) that the Court dismiss the action after the posting of countersecurity or stay the action pending the outcome of the foreign litigation on the merits of the claim and reserve jurisdiction to enter judgment on a judgment obtained in favor of Defendants and against Plaintiff for enforcement against the countersecurity posted; and

(d) that Defendants have such other and further relief as the Court deems proper in the premises.

Dated: New York, New York
       April 11, 2008

        FREEHILL, HOGAN & MAHAR LLP
        Attorneys for Defendants and
        Counter-Claimant

By: _____
        Peter J. Gutowski (PG 2200)
        80 Pine Street, 24th Floor
        New York, NY 10005-1759
        Tel: (212) 425-1900

TO:   CASEY & BARNETT, LLC
      *Attorneys for Plaintiff*
      317 Madison Avenue, 21st Floor
      New York, NY 10017
      Attn: Martin F. Casey – mfc@caseybarnett.com

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

PETER J. GUTOWSKI, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Defendants in this action, I have read the foregoing Verified Answer and Counter-Claim and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Defendants is because the Defendants are foreign entities, none of whose officers are presently within this Judicial District.

_____
Peter J. Gutowski

Sworn to before me this
11th day of April, 2008

_____
Notary Public

MANUEL A. MOLINA
Notary Public, State of New York
No. 02M06064999
Qualified in Kings County
Commission Expires Oct. 9, 2009

NYDOCS1/302662.1                                9