```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
IF P&C INSURANCE, LTD.              :
A/S/O UNI 4 MARKETING AB,           :
                                    :
                        Plaintiff,  :
               v.                   :    08 Civ. 1818(BSJ)
                                    :
VOLCANO CARRIERS CO. S.A., AND      :
ELMAR SHIPPING CO. S.A.,            :    ORDER
                                    :
                        Defendants. :
------------------------------------X
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

On April 10, 2008, Plaintiff electronically submitted to the Clerk of the Court a Notice of Voluntary Discontinuance (the "Notice") pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). This Court "So Ordered" the Notice on April 11, 2008. The Answer of Defendants Volcano Carriers and Elmar Shipping ("Defendants") was also filed and entered on April 11, 2008.

Defendants have made a letter application to the Court requesting that the above-referenced case be restored to the active calendar and the Notice of Discontinuance vacated, arguing that the proposed order was submitted <u>ex parte</u> and that Local Rule 77.1 afforded Defendants a three-day opportunity within which to object or file their answer. However, Defendants' arguments in this case fail on both counts. First, Defendants' characterization of Plaintiff's filing as "<u>ex parte</u>" is inaccurate as the records of the Court demonstrate that the proposed Notice was provided to the Clerk of the Court via the Electronic Case Filing system on April 10, 2008. Furthermore,



because Defendants had not served an Answer at that time, Plaintiff's voluntary dismissal was appropriate and no three-day period was required to await Defendants' objection or further action. See Fed. R. Civ. P. 41(a)(1)(A)(i)("[T]he plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."); see also Thorp v. Scarne, 599 F.2d 1169, 1175 (2d Cir. 1979)(describing the purpose of Rule 41(a)(1) as "establishing a bright-line test marking the termination of a plaintiff's otherwise unfettered right voluntarily and unilaterally to dismiss an action.").

Accordingly, because Defendants had not yet served an Answer at the time of the filing of the Notice of Discontinuance, the request for restoration of this matter to the Court's active calendar is DENIED.

**SO ORDERED:**

_____
**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         June 2, 2008